RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON WADE FLANAGAN | DOCKET NO. 13-CV-543; SEC. P |
| VERSUS | JUDGE DRELL |
| M.D. CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jason Wade Flanagan filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 13, 2013. Petitioner is in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the Federal Prison Camp in Pollock, Louisiana. Petitioner asks that the Court order his placement in a residential re-entry center pursuant to the Second Chance Act of 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On June 8, 2012, Petitioner was sentenced to 27 months of imprisonment for loan application fraud. [U.S. v. Flanagan 4:10-cr-302 (SDTex), Doc. #466] He asks the Court to order his placement in the BOP's residential re-entry program.

*Law and Discussion*

To the extent that Petitioner is attempting to raise a due process claim, his argument fails because he has no liberty interest in placement in a re-entry program. Under 18 U.S.C.

§3624(c) (the Second Chance Act), the BOP has the authority to place inmates in residential re-entry centers during the final portion of their sentences, up to 12 months. The Act provides, in part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1). The Act further provides:

> Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under Section 3621.

18 U.S.C. §3624(c)(4). Section 3621 grants the Bureau of Prisons the authority to designate the place of the prisoner's imprisonment. 18 U.S.C. §3621(b).

Thus, the Second Chance Act does not limit or restrict the discretion that the BOP has to assign inmates to facilities, United States v. Sneed, 63 F.3d 381, 388 n. 6 (5th Cir. 1995), nor does it encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period, Ready v. Fleming, 2002 WL 1610584 (N.D.Tex)(not reported), citing Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 469-70 (10th Cir. 1992), cert denied, 510 U.S. 830 (1993). "Where the statute grants the prison administration discretion, the government has conferred no right on the inmate." Richardson v. Joslin, 501 F.3d 415, 419 (5th

2

Cir. 2007). As such, Petitioner has no liberty interest in participation in the re-entry program.

Moreover, even if Petitioner did have a right to be placed in a particular facility or center, the Act provides for placement for *up to* the last twelve months of incarceration. Petitioner's anticipated release date, per the Federal Bureau of Prisons website, is August 22, 2014, which is more than twelve months away. Thus, even if Petitioner had a right, his claim would be premature.

*Conclusion*

Because Petitioner has no liberty interest in placement in the residential re-entry program, his claim must fail. He cannot show that he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE**.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE